**Antonia Karczenska, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 14,181.**

1. VARIANCES—*what essential to constitute fatal.* A variance can only be fatal where there is a clear discrepancy between averment and proof.

2. NEGLIGENCE—*non-liability of municipality for latent defects of sidewalk.* The following instruction upon this subject approved:

"You are instructed that the defendant, city of Chicago, is not liable for latent or unseen defects in its sidewalks not discoverable by the exercise of ordinary care; and if you believe from the evidence that the sidewalk in question was, at the time and place of the alleged accident, in a reasonably safe condition for ordinary travel thereon by persons using such degree of care and caution as reasonably prudent persons would use for their safety, under all the circumstances shown by the evidence, so far as was discoverable by the defendant by the use of ordinary care, then you should find the defendant, city of Chicago, not guilty."

But *held*, that its substance was contained in other instructions given and that therefore a reversal should not follow because of its refusal.

3. VERDICT—*when not excessive.* A verdict for $5,000 in an action on the case for personal injuries is not excessive, where it appears that the plaintiff at the time of her injury was a woman of about the age of thirty-five years and had prior to that time been in good health, attending to her domestic duties and keeping boarders, and who as the result of the accident was bed-ridden for fourteen months, after getting up had again to learn to walk and had up to the time of the trial, several years after the accident, been unable to do any work; had her seventh and eighth ribs fractured and the pleura and lung injured and sustained other serious injuries.

Action in case for personal injuries. Appeal from the Superior court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed November 6, 1908.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; EDWARD C. FITCH, of counsel.

BRANDT & HOFFMANN, for appellee; OSCAR C. MILLER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case brought by appellee against appellant for personal injuries alleged to have been suffered by her in consequence of the negligence of the defendant in respect to one of its sidewalks, plaintiff had judgment for $5,000, and the defendant appealed.

When plaintiff rested her case defendant moved, "to dismiss the case on the ground that there was a variance between the place described by the witnesses as the place of the injury and accident and that described and designated in the declaration". The court denied the motion and the defendant excepted. The first count of the declaration was abandoned on the trial. The second count alleged that the defendant, on etc., at etc., "was possessed and had control of a certain public sidewalk on, to wit, Elston avenue, near, to wit, Webster avenue in said city"; that defendant negligently, etc., then and for a long time theretofore had kept said sidewalk out of reasonable repair, full of holes, weak, insecure and insufficient; that while plaintiff was "then and there" with all due care on her part, lawfully passing over and upon said sidewalk, a plank flew up, gave way and tripped the plaintiff, whereby she fell into a certain hole "then and there" in said sidewalk, and fell through and upon the sidewalk, whereby appellee was greatly and permanently injured, etc.

Elston avenue runs nearly northwest and southeast. Webster avenue, an east and west street, runs from some distance west of Elston avenue, east to Lincoln Park, crossing Elston avenue. About 400 feet north-westerly from Webster avenue, measured on the west line of Elston avenue, is Gloy place; and beyond Gloy place is Binzo street, both running southwesterly from, but not crossing Elston avenue. The accident occurred on the sidewalk on the westerly side of Elston avenue, between Gloy place and Binzo street, at a point about 650 feet from Webster avenue, measured on the west line of Elston avenue. There is no street running from the easterly side of Elston avenue between a point opposite to the place where the accident occurred and Webster avenue.

A variance can only be made where there is a clear discrepancy between averment and proof. Here the averment as to the location of the sidewalk alleged to be out of repair is ambiguous, uncertain and indefinite. The difference between the averment and the proof is not clear. In one sense it is true that the sidewalk through which plaintiff fell was ''near'' Webster avenue. We think that the motion to dismiss on the ground of variance was properly overruled.

The trial court refused to give to the jury for the defendant the following instruction:

''You are instructed that the defendant, City of Chicago, is not liable for latent or unseen defects in its sidewalks not discoverable by the exercise of ordinary care; and if you believe from the evidence that the sidewalk in question was, at the time and place of the alleged accident, in a reasonably safe condition for ordinary travel thereon by persons using such degree of care and caution as reasonably prudent persons would use for their safety, under all the circumstances shown by the evidence, so far as was discoverable by the defendant by the use of ordinary care, then you should find the defendant, City of Chicago, not guilty.''

For the defendant the jury were instructed that be-

fore the plaintiff could recover, "they must believe each and all of the following requirements to have been proven by a preponderance or greater weight of the evidence; * * *

"4. That the alleged defective condition of said sidewalk existed before the time of said accident, and that the city either had actual notice of such defective condition in time to have enabled it to repair the same, by the exercise of ordinary care, before the time of said accident, or that such alleged defective condition existed for so long a period prior to the time of said accident as to charge the city with constructive notice thereof — that is to say, that such condition existed for so long a period prior to the time of said accident that the city by the use of ordinary care would have discovered such condition in time to have enabled it to repair the same, by the use of ordinary care, before the time when said accident is alleged to have occurred.

"5. That the city failed to exercise reasonable care to have said sidewalk at the time and place in question in a reasonably safe condition for ordinary travel thereon by persons using due care and caution for their safety, after said city had either actual or constructive notice of such unsafe condition, if you believe from a preponderance of the evidence that such unsafe condition existed and that the city had either actual or constructive notice thereof in time to have enabled it to repair the same, by the exercise of ordinary care, before the time of said accident.

"6. That the plaintiff was injured, as alleged, as a proximate result of negligence on the part of the defendant, as charged if you believe from a preponderance of the evidence that it was so negligent.

"If the plaintiff has failed to establish any one of these requirements by a preponderance or greater weight of the evidence, then you should find the defendant, City of Chicago, not guilty."

We think that the instruction refused should have been given, but that the substance of that instruction is contained in the instruction given, and that the

judgment should not be reversed for the refusal to give said instruction.

The sidewalk in question was some distance above the ground. It was made of boards or plank laid crosswise on stringers running parallel with the walk. Four witnesses for the plaintiff testified that many of the planks or boards of said walk had for months before that time been loose, rotten and some of them out of place. Plaintiff, in passing over said walk when it was dark, stepped on a board which either tipped up or broke and she fell, her legs going through the hole in the walk and astride a stringer. The accident occurred June 24, 1903. A carpenter called by defendant testified that for the defendant early in May, 1903, he repaired the sidewalk on the westerly side of Elston avenue, between Binzo street and Webster avenue; that he put in some new plank and nailed down some old ones that were loose; that he looked to see if there were any more loose planks and saw none. Two entries from the book of the ward superintendent were introduced by defendant, showing that repairs to the sidewalk were made near Binzo street May 7 and 8, 1903. We cannot, on the evidence in this record, say that the finding of the jury, implied by their verdict, that the defendant was guilty of the negligence averred in the declaration, is against the evidence.

Appellant further contends that the damages are excessive. The trial took place four years after the accident. Plaintiff when injured was about thirty-five years old, and up to that time her health had been good. She had lived with her husband and children and had a number of boarders. She had done the housework, including the washing. She was pregnant when injured. She was taken home in a police patrol wagon and was not able to leave her bed for fourteen months. When she got up she had to learn to walk, and up to the time of the trial had not been able to do any work. In the fall her seventh and eighth

ribs on the left side were fractured and the pleura and lung on that side injured. Four days after her injury she had a miscarriage, and afterwards her menses were irregular and she had a falling of the womb. Two or three months after her injury tuberculosis of the left lung was discovered and continued up to the time of the trial. Not long after her injury a hernia was discovered. In her fall one of her legs was injured, and afterwards varicose veins appeared in that part of the leg.

Whether the injury caused or brought on the tuberculosis and hernia was one of the controverted questions on the trial on which the testimony of the physicians called by the respective parties was conflicting. We do not think that on the evidence in the case the damages awarded by the jury can properly be held excessive.

Finding in the record no reversible error, the judgment of the Superior Court will be affirmed.

*Affirmed.*